[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In two separate cases, defendant-appellant, Wallace Crumy, was convicted of trafficking in cocaine in violation of R.C. 2925.03(A). Following the entry of a no-contest plea in each case, the trial court sentenced Crumy to three years of community control and six months' incarceration at the Hamilton County Justice Center. The trial court ordered the sentences to be served concurrently. Crumy now separately appeals each of the convictions; however, for purposes of this judgment entry, we consider the two appeals together.
After thoroughly reviewing the record and the applicable law, and after communicating with Crumy regarding potential errors, Crumy's appointed appellate counsel, pursuant to Anders v. California,[1] states in his brief that he has found no errors in the proceedings below and has filed a motion to withdraw as counsel.
Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of Crumy's convictions. From the plea and sentencing transcripts, it is clear that Crumy understood the import and consequences of his no-contest pleas, as required by Crim.R. 11. Accordingly, after a thorough review of the record, we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal. The judgments of the trial court are therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we have concluded that these appeals are frivolous pursuant to App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Crumy because it is clear from the record that he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.